# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

**Timothy R. Hott, Esq. (6729)**
LAW OFFICES OF TIMOTHY R. HOTT , P.C.
100 Challenger Road - Suite 402
Ridgefield Park, New Jersey 07660
T: (201) 994-0400; F: (201) 994-0401
Email: TimHott@Gmail.com
Attorney for the Plaintiffs

| | |
|---|---|
| Teamsters Local 469 Pension, Welfare and Annuity Funds, and their Boards of Trustees and Teamsters Local Union No. 469, <br><br>             *Plaintiff(s)* <br>     vs. <br><br> Ferreira Construction Company <br> 31 Tannery Road <br> Branchburg, NJ 08876 <br><br>            *Defendant(s)* | <u>CIVIL ACTION</u> <br><br> **CIVIL ACTION NO.** <br><br><br> **<u>COMPLAINT</u>** |

## **<u>THE PARTIES</u>**

1.     Plaintiffs, Teamsters Local 469 Pension Fund and its Board of Trustees,

Teamsters Local 469 Welfare Fund and its Board of Trustees, Teamsters Local

469 Annuity Fund and its Board of Trustees (hereinafter referred to as

"Plaintiff Funds" or "Funds") are non-profit employee fringe benefit

organizations consisting of employee and employer trustees within the

meaning of Section 3(1),(2),(3), and (21), 405[c] (1) (B) and 502 of the

Employee Retirement Income Security Act of 1974 (ERISA) [29 U.S.C. 1002

(1) (2) (3) and (21 and 29 U.S.C. 1109 ©) (1) (B), and 29 U.S.C. 1132], and

as amended, and 29 U.S.C. 18B©) (5) (B) and bring this action on behalf of said trustees and the participants and beneficiaries of said trust Fund.   The plaintiff Funds maintain their principal place of business at 3400 Highway 35, Suite #8, Hazlet, Monmouth County, New Jersey. Teamsters Local Union No.469, is an unincorporated labor organization (hereinafter referred as Union).  The Union maintains its principal place of business at 3400 Highway 35, Suite #7, Hazlet, Monmouth County, New Jersey.

2.    Defendant, Ferreira Construction Company, having its principal place of business in New Jersey at 31 Tannery Road, Branchburg, Hunterdon County, NJ 08876, to the best of plaintiffs' knowledge, information and belief is a New Jersey corporation. Said defendant is an employer within the meaning of statutes referenced in paragraph #1 above. It employs employees who are exclusively represented for collective bargaining purposes by plaintiff Union pursuant to a written collective bargaining agreement governing terms and conditions of employment of said employees of Defendant.


## JURISDICTION

3.    Jurisdiction of this Court is invoked in this matter under 29 U.S.C. 185 and 29 U.S.C. 1145 and 28 U.S.C. 1331.

4.    Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due the Funds and their procedures for verifying the

accuracy of the contributions made to the Funds by contributing employers such as the defendant.

## **FIRST COUNT**

5.   29 U.S.C. Section 1145 requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreement and the procedures specified by the Trustees of the Trust.

6.   The procedure established by the Trustees of the Funds, and as provided in the referenced collective bargaining agreement, requires that Employers remit payments on account of such employer's employees monthly by the twentieth day of the month following the end of each calendar month during which employees represented by the Union perform work for an employer party to the referenced agreement. Said collective bargaining agreement requires that defendant make said payments to Plaintiff Funds based upon a specific method in the agreement for employees who are employed under the above referenced collective bargaining agreement.

7.   Defendant, as party to the collective bargaining agreement or as party to written documents which incorporate by reference the obligation to pay into the Funds for its employees is also bound by the terms of the Trust Agreements of the Funds.

8.   Pursuant to the aforementioned Collective Bargaining Agreement and/or other agreement defendant agreed to and did become contractually and legally bound to the terms and provisions of the Trust Agreements of plaintiff Funds as

managed and operated by Plaintiff Trustees.  Said Trust Agreements authorize the Trustees on behalf of the Funds and themselves to take such action as the Trustees thereof deem required to enforce compliance with the Trust Agreements and with those provisions of the Collective Bargaining Agreements mandating payment of contributions to the Funds for and on behalf of employees employed by defendant under said Agreements and mandating employers to cooperate with periodical audits of their books and records to insure proper payments have been rendered and employees are covered under the Fund.  Said Trust Agreements authorize the Trustees on behalf of the Funds to collect delinquent contributions and enforce all contribution procedures from defendants by legal proceedings in courts of competent jurisdiction.

9.   Plaintiffs are specifically authorized and entitled to maintain and prosecute causes of action against defendants to enforce defendants' contract debts and obligations to Plaintiff Funds pursuant to the Declaration of Trust and 29 U.S.C. 1132.  Said Statute and Trust specifically mandates imposition and award of interest, liquidated damages, attorney fees, court costs and injunctive relief in favor of plaintiff against defendant for defendant's breaches of Agreement and failure to pay, within the time limits of said Agreements,.

10.  Since on or about April 20, 2019, defendant has failed to remit payments to the aforesaid Funds as required by the referenced collective bargaining agreements.  Defendants are delinquent in payment of monies due to plaintiff Funds in the amount of $42,358.20 for the period March 1, 2019 through May 31, 2019.  Defendants may also be indebted to plaintiffs for additional sums unpaid and

accruing as delinquent during pendency of this cause of action.

11.    It is the policy of the Plaintiff Funds to assess interest at the rate of eighteen

(18%) per cent, per annum, on any delinquent employer contributions such as

those identified hereinabove and that such interest be calculated from the date

that the contributions would have been due from defendants to the Funds if

timely made as provided by the agreement between the Union and the

defendants and/or by such other agreement which obligates defendants to make

payments to the Funds.

12.    Plaintiff Funds, prior to the current date, made demand for payment of said

debt.  Defendants failed and refused to remit said payment in violation of the

collective bargaining agreement and in violation of 29 U.S.C. 1145 and plaintiffs'

trust agreements.

13.    In accordance with the applicable provisions of the trust agreements of each

Fund, they are also entitled to collect liquidated damages at the rate of 20% of

the principal sum due and attorneys' fees of twenty-five (25%) per cent of the

defendant's principal debt together with costs of suit. The foregoing being in

addition to the principal debt and interest as described and set forth above.

WHEREFORE, the Plaintiff Funds and their Boards of Trustees demand judgment

against the defendant;

(a)  For the entry of judgment in an amount equal to the principal sum due

and owing to the plaintiffs, plus interest at the rate of eighteen (18%) per cent and

liquidated damages at the rate of 20% of the principal sum due and attorneys' fees

of twenty-five (25%) per cent of the defendant's principal debt together with costs of suit; and

    (b)  For such other and further relief as the Court deems equitable and just.

## SECOND COUNT

14.   Plaintiffs repeat and reallege every paragraph of the First count as if same were set forth at length.

15.   In addition to the amounts due and owing from defendant to plaintiffs as set forth above in the First Count,  there may be due and owing additional sums for periods before and after the periods alleged in the First Count and as may be discovered by an audit of the books and records of defendants.

**WHEREFORE**, the Plaintiff Funds and their Boards of Trustees demand judgment against the defendant demand judgment against the defendant;

    (a)  For the entry of judgment in an amount equal to the additional principal sum due and owing to the plaintiffs as may become due and owing during the pendency of this cause of action, plus interest at the rate of eighteen (18%) per cent and liquidated damages at the rate of 20% of the principal sum due and attorneys' fees of twenty-five (25%) per cent of the defendant's principal debt together with costs of suit.; and

    (b)  For such other and further relief as the Court deems equitable and just.

## THIRD COUNT

16.   Plaintiffs repeat and reallege each and every paragraph of the First and Second Counts as if set forth in full herein.

17.   In addition to the sums due and owing and that become due and owing from Defendant to the Funds there is also due and owing certain moneys which Defendant deducted from the wages of employees who are members of and represented by Plaintiff, Teamsters Local Union No. 469 ("UNION"). This money which Defendant deducted from the wages of said employees was deducted pursuant to the written authorization of said employees for the sole and exclusive purpose of having said money forwarded to the Union to pay membership dues owed by said employees to the Union.

18.   Instead of deducting said money from the employees' wages and forwarding it to the Union, Defendant has unlawfully retained the money and has unlawfully failed and refused to pay same over to the Union.

19.   By its unlawful actions of keeping money that belongs to its employees and by failing to forward same to the Union Defendant has unlawfully converted same as its own.

20.   By its unlawful conversion of the wages of employees is in breach of the collective bargaining agreement with the Union and is in violation of New Jersey Statute 34:11-4.4.

21.   Defendant  may continue to incur additional debts to the Union as a result of its unlawful actions described above in this Count while this cause of action is in process.

WHEREFORE, the Plaintiff Union demands judgment against the defendant for an amount equal to such sums for Union dues and assessments as were deducted

from employee wages and retained by Defendant instead of having same forwarded to the Union plus interest, attorneys fees, costs and such other and further relief as the Court deems equitable and just under the circumstances.

## FOURTH COUNT

22.   Plaintiffs repeat and reallege the allegations of the preceding counts as if set forth in full herein.

23.   The Funds' Trust Agreements authorize the Funds to conduct contribution compliance audits of the books and records of any employer, such as Defendant, for the purpose of verifying that Defendant accurately reports and pays the amounts it owes to the Funds as alleged in the preceding Counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment for an Order of the Court directing that Defendant provide Plaintiffs with access to and copies of such of Defendant's books and records as the Funds deem necessary in order to verify whether or not Defendant has accurately calculated and remitted the sums due and owing the Funds and Union as alleged in the Counts of this Complaint; and for such other and further relief which the Court deems equitable and just under the circumstances.

Date:      06/24/2019                    **S/TIMOTHY R. HOTT**
                                         **TIMOTHY R. HOTT**